UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

      Plaintiff,

v.                                                              Case No.:  2:25-cv-1129-SPC-KCD

NURSE CLARK and CAPTAIN
MOORE,

      Defendants.

                            /

## **OPINION AND ORDER**

Before the Court is Plaintiff Wendall Hall's Motion for Emergency Order (Doc. 2).  Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC).  In his complaint, Hall alleges the defendants confiscated urinary catheters and related supplies because he frequently files lawsuits against FCCC staff, and he seeks $10 million in damages against each defendant and injunctive relief.  Hall's motion—which accompanied the complaint—asked the Court to rule on the request for injunctive relief *ex parte*, without any evidence to corroborate Hall's claims.

To receive a preliminary injunction or temporary restraining order, a plaintiff must clearly establish four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the

defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018). Local Rule 6.01 requires a motion seeking a temporary restraining order to establish each element. The rule also requires the motion to include "specific facts—*supported by a verified complaint, an affidavit, or other evidence*—demonstrating an entitlement to relief." M.D. Fla. R. 6.01(a)(2) (emphasis added).

Hall's motion is not supported by any evidence. The Court always requires evidentiary support before entering an injunction, but that is particularly important here. Hall is an experienced *pro se* litigator, yet he has made no effort to have the defendants served with process before seeking *ex parte* relief on his uncorroborated claims. Hall has a documented history of abusing the judicial process. He has filed over 50 civil actions in Florida federal courts, excluding habeas actions. At least eight actions were dismissed because the court found them frivolous, malicious, and/or an abuse of the judicial process. Eight more were dismissed for failure to state a claim.

While a prisoner, Hall became a three-strike litigant under 28 U.S.C. § 1915(g) around 2006. The Court counts 15 dismissals under the three-strike rule. Among those dismissals, three courts found that Hall lied under oath to make use of the imminent-risk exception. Judge Timothy Corrigan noted that Hall "has a history of filing abusive litigation and lying under penalty of perjury." Order of Dismissal Without Prejudice (Doc. 20 at 3), *Hall v. Watson*,

No. 3:14-cv-176-TJC-MCR, (M.D. Fla. July 16, 2014). A decade later, Judge Brian Davis found that Hall filed fraudulent exhibits, though he withdrew them when the defendant pointed out signs of tampering. Order (Doc. 307), *Hall v. Watson*, No. 3:15-cv-1054-BJD-PDB (M.D. Fla. May 20, 2024).

Hall's unsupported motion does not adequately establish any of the four substantive requirements for a temporary restraining order or preliminary injunction. Accordingly, the Hall's motion (Doc. 2) is **denied**. The defendants have answered the complaint, and the discovery period of this case is underway. The Court will consider Hall's claims in due course.

**DONE** and **ORDERED** in Fort Myers, Florida on July 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3